In re SOUTHERN FLORIDA WASTE DISPOSAL ANTITRUST LITIGATION.

CAREFREE DAVID TRAVEL COMPANY, INC., On Behalf of Itself and All Others Similarly Situated, Plaintiffs–Appellees,

v.

INDUSTRIAL WASTE SERVICE, INC., et al., Defendants–Appellees.

CORN CONSTRUCTION CORP., on Behalf of Itself and All Others Similarly Situated, Plaintiffs–Appellees,

Cumberland Farms, Inc., Plaintiff–Appellant,

v.

INDUSTRIAL WASTE SERVICE, INC., et al., Defendants–Appellees.

Max CHIRA, et al, Plaintiffs–Appellees,

v.

INDUSTRIAL WASTE SERVICE, INC., et al., Defendants–Appellees.

Marius PAQUET, et al., Plaintiffs–Appellees,

v.

INDUSTRIAL WASTE SERVICE, INC., et al., Defendants–Appellees.

No. 88–6241.

United States Court of Appeals, Eleventh Circuit.

March 13, 1990.

---

Roy D. Wasson, Miami, Fla., Robert J. LaRocca, Kohn, Savett, et al., David H. Weinstein, Philadelphia, Pa., for plaintiff-appellant.

Glenn J. Waldman, Stroock & Stroock & Lavan, Miami, Fla., for General Hauling.

David L. Ross, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Miami, Fla., for Industrial Waste Service.

Peter B. Weintraub, Werksman & Weintraub, Deerfield Beach, Fla., for 420 Associates, Ltd., et al.

Jose Raul Peruyera, Miami, Fla., for Restoy.

James E. Tribble, Blackwell, Walker, Fascell & Hoehl, Miami, Fla., Joel E. Noel, Waste Management, Inc., Oak Brook, Ill., for Waste Management, Inc.

Robert N. Kaplan, Kaplan, Kilsheimer & Foley, New York City.

Before HATCHETT, Circuit Judge, EDMONDSON, Circuit Judge, and BRIGHT [*], Senior Circuit Judge.

PER CURIAM:

Cumberland Farms, Inc. (Cumberland) appeals a district court [1] order denying its motion to amend final judgment entered following the settlement of an antitrust class action. Cumberland, a class member, contends the district court erred because the judgment and settlement agreements are overbroad, violate due process and Fed. R.Civ.P. 23 and may effectively extinguish or preclude claims asserted in a separate national class action.

We conclude that we have jurisdiction over this appeal [2] but reject appellant's contentions. The district court, in denying the motion to amend judgment, responded to concerns raised by Cumberland on behalf of the national class members. The order in part stated:

---

[*] Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

[1] The Honorable James W. Kehoe, United States District Judge for the Southern District of Florida.

[2] Accordingly, we reject Plaintiffs–Appellees' motion to dismiss the appeal.

ORDERED AND ADJUDGED that the motion to amend is DENIED. In so ruling, the Court notes that its approval of the settlement, as set forth in the Final Judgment and Order of Dismissal, extended only to the claims of settlement class members arising out of or relating to the alleged conspiracy in the South Florida (Dade and Broward Counties) area during the class period. *See* Final Judgment and Order of Dismissal at par. 2, 3 (August 18, 1988).

■ Further, the Notice of Pendency of Class Action With Respect To Waste Disposal Service And Settlement With Respect Thereto adequately identified the plaintiff class and advised it of the proposed settlement:

All persons and entities that have purchased waste disposal service in the South Florida area directly from one or more of the defendants at any time during the period from January 1, 1976 through December 31, 1985, excluding (i) defendants, their subsidiaries and affiliates, and (ii) any unit, department or agency of the United States government, the State of Florida, or its respective counties.

As used in the class definition, "South Florida area" means Dade and Broward Counties. "Waste disposal service" means "the business of providing storage, collection, hauling, processing and dumping of waste commercial, industrial, institutional, and residential customers."

We determine that the district court's order of approval comports with this notice; thus, the district court did not abuse its discretion or commit any error of law in refusing to amend the judgment.

AFFIRMED.